## WATTS v. WILCOX et al.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PARTIES.

In an action to set aside certain judgments and conveyances as in furtherance of a scheme to place the property of the judgment debtor and grantor beyond reach of his creditors, all who took part in the fraudulent scheme are necessary parties.

Appeal from special term, Orange county.

Action by Thomas Watts, as receiver, against Franklin A. Wilcox and others. A demurrer to the complaint was overruled, and defendants appeal.

Argued before BARNARD, P. J.; and DYKMAN and PRATT, JJ.

*Bacon & Merritt,* for appellants. *W. F. O'Neil,* for respondent.

BARNARD, P. J. The complaint states that the defendant Horatio R. Wilcox was a large stockholder in the Middletown National Bank; that the bank failed, and an assessment was made of 100 per cent. on his stock to pay debts and liabilities; that Wilcox failed to pay; and that the receiver of the bank sued him, and obtained a judgment against him; and that the plaintiff is the receiver appointed upon proceedings in that action. The complaint then avers that Horatio R. Wilcox and the other defendants formed a plan by which nearly all of the property, real and personal, of the judgment debtor should be put "out of his hands;" that a part of the scheme was through a judgment of the court by which the heirs of Henry Kinsley, Sr., were to establish large

claims against Horatio R. Wilcox as administrator of that estate; that these claims were wholly without foundation, because the estate had been fully administered; that the judgment established these pretended claims, and that Horatio R. Wilcox made individual and several conveyances to the parties; that all the parties to the judgment knew the apparent judgment debtor was stripping himself of his property to avoid the bank debt. The complaint further avers that the debtor assigned, with intent to cheat and without consideration, certain property to his daughter, Mrs. Slonsen; that the deed was put on record without delivery, and without the knowledge of Mrs. Clansie. The defendants Franklin A. Wilcox, Sarah M. Wilcox, Henry K. Wilcox, and Alivia Clansie demur separately. The demurring parties are all necessary. They all formed the design of taking the debtor's property, and the defendants Wilcox did take it, under and in pursuance of the plan formed. They each had no claim. Mrs. Slonsen was a party to the design, but she got nothing but a naked title, which was put on record, so as apparently to vest a title in her. The court in this action cannot set aside this conveyance without bringing in Mrs. Slonsen. The complaint goes much further as to her. She agreed to the plan. She knew of the insolvency of grantor. She agreed with the other defendants, except Bly, to delay the creditors; and if, in pursuance of the scheme, the debtor put property in her name without her knowledge of the transfer being specifically made to her, she cannot hold the property against the plaintiff as receiver. Where there is a common plan for the commission of a fraud between several, and, in pursuance of this common plan, individual conspirators take deeds in severalty, all the parties to the plan are proper parties to an action to undo the wrong accomplished. *Fellows* v. *Fellows*, 4 Cow. 682. In equitable actions, all who are in any way interested are proper parties. *Haines* v. *Hollister*, 64 N. Y. 1; *Henderson* v. *Henderson*, 3 N. Y. St. Rep. 197. The judgment should therefore be affirmed, with costs. All concur.