(142 App. Div. 543.)

### VOORHEES et al. v. UNGER et al.

(Supreme Court, Appellate Division, Second Department.   January 31, 1911.)

1. FRAUDULENT CONVEYANCES (§ 297*)—INSOLVENCY OF GRANTOR—EVIDENCE.
     In a suit by a judgment creditor to set aside a conveyance by the debtor as fraudulent, evidence of the return of an execution, unsatisfied about five months after the conveyance of the debtor, and of his ownership of other parcels of real estate, which he did not convey to other parties until several weeks later, did not show the insolvency of the debtor.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 891;  Dec. Dig. § 297.*]

2. FRAUDULENT CONVEYANCES (§ 300*)—CONSIDERATION—EVIDENCE.
     A recital in a deed of a consideration of "$100 and other valuable considerations" is not proof that the conveyance was voluntary.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 896-903;  Dec. Dig. § 300.*]

3. TRIAL (§ 140*)—EVIDENCE—CREDIBILITY OF WITNESSES.
     A party who calls a witness vouches for his general credibility, and in the absence of any evidence contradicting the testimony of the witness, or of any facts disclosing that the testimony is inherently improbable, the court may not reject it as incredible.
     [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 334-335;  Dec. Dig. § 140.*]

4. FRAUDULENT CONVEYANCES (§ 295*)—EVIDENCE—SUFFICIENCY.
     To justify a finding that a transfer of personalty by a judgment debtor is fraudulent, the proof must show more than that the transaction is suspicious.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 867-875;  Dec. Dig. § 295.*]

5. FRAUDULENT CONVEYANCES (§ 255*)—PARTIES.
     One who was not in privity with a judgment creditor, suing to set aside a conveyance by the debtor to a corporation as fraudulent, and who was not a grantee of the debtor, and who did not have any personal interest in the subject-matter of the controversy, was not a necessary or proper party defendant; and a judgment against him for the costs was unauthorized, though he was secretary of the corporation made a party defendant.
     [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 741-750;  Dec. Dig. § 255.*]
     Hirschberg, J., dissenting.

Appeal from Special Term, Queens County.

Action by John H. Voorhees and others against Harry Unger and others.  From a judgment for plaintiffs, defendants appeal.  Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Joseph Gans, for appellants.
William B. Hurd, Jr., for respondents.

PER CURIAM. The plaintiffs obtained a judgment by default against the defendant Unger on the 14th day of July, 1909, for goods sold and delivered, in the sum of $2,095.89. Execution was issued against said defendant to the sheriff of Queens county, where the defendant resided, on the same day, and which was returned wholly unsatisfied on July 21, 1909. Thereupon the plaintiffs brought this action in equity to set aside as fraudulent certain conveyances of real property, and a transfer of certain personal property made by the defendant Unger to various grantees prior to the entry of the judgment, but while he was indebted to the plaintiffs. Judgment was rendered for the plaintiffs, on the theory that the grants were voluntary and without consideration, and made while the defendant Unger was insolvent. The plaintiff has included as defendants in this one action various grantees and assignees, who took under distinct grants or assignments, without any apparent community of interest in the subject-matters of the distinct grants or assignments, and there are three separate issues involved in the determination of the trial court as expressed in its decision and judgment.

Among the conveyances declared fraudulent is one from Unger to the defendant Sarah Krane, dated February 16, 1909, and recorded March 5, 1909. The judgment as to this conveyance is based upon a finding that it was made by Unger while insolvent to Krane without consideration. To prove insolvency on Unger's part at the time of this conveyance, the return of an execution wholly unsatisfied on July 21, 1909, is relied upon as prima facie proof. To prove that the conveyance was without consideration, reliance is put upon a recital of consideration in the deed which is as follows:

"In consideration of one hundred dollars and other valuable considerations."

Whether the return of an execution unsatisfied about five months after the making of the conveyance is sufficient to show insolvency at the time of the deed, without proofs of other facts, may be questioned. Wadleigh v. Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063; Kain v. Larkin, 131 N. Y. 300, 30 N. E. 105. Yet that question is not here involved necessarily. There is proof of other facts in the case, which shows that when this particular conveyance was made Unger still had several other parcels of real estate, which he did not convey away to other parties for several weeks, and, under this proof, it can scarcely be said that the conveyance to Krane left him insolvent. Furthermore, under the ruling of this court in Wadleigh v. Wadleigh, ut supra, the recital in the deed of a "consideration of one hundred dollars and other valuable considerations" is not proof that the conveyance was purely voluntary and without consideration. These two circumstances are all the proofs that have been produced against the grantee Krane,

and they are insufficient to support the judgment against her, and, necessarily, insufficient as against her mortgagee, the defendant Gussie Unger.

As to the defendant the Unger Realty Company, the same species of proof is relied upon to a considerable extent. In order to prove their case, the plaintiffs called one Jorrisch as their witness. He was the secretary of the Unger Realty Company. He testified, however, that the parties interested in this corporation had bought the property in question in the name of the defendant Unger, who, in conveying it to the corporation, simply carried out the condition under which he held title. By calling this witness, the plaintiffs vouched for his general credibility, and as there was no other evidence in the case on this point in any way contradictory, and the testimony was not inherently improbable or suspicious, the trial court was not at liberty to reject it as incredible. Barr v. Sofranski, 130 App. Div. 783, 115 N. Y. Supp. 533; Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292; Wendell v. Leo, 195 N. Y. 76, 87 N. E. 790. The same witness likewise testified under similar circumstances, showing a consideration moving from the defendant Rosie Jorrisch to the Unger Realty Company for a conveyance from that corporation to her of some of the property involved in this action. This testimony, though not elsewhere contradicted, was likewise rejected by the trial court, and the result is subject to the criticism above indicated.

As to the transfer of personal property by Unger to his wife, the defendant Gussie Unger, the proof is somewhat meager as to time and circumstance. The transaction is suspicious, but the proof should be fuller before fraud is found.

As to the defendant Max Jorrisch, against whom judgment is rendered for the costs of the action, including an extra allowance, there is no apparent reason why he was made a party defendant. No privity was shown between him and the plaintiffs. He was not a grantee from Unger, and does not appear to have any personal interest in the subject-matter of the controversy. At most he was but secretary of the defendant the Unger Realty Company. This was not basis enough to enter judgment against him for the costs of the action. The respondents contend that he was a necessary or a proper party under Watts v. Wilcox, 13 N. Y. Supp. 492,[1] but such a claim involves a clear misunderstanding of what was there decided. In that case all the parties in question were grantees of parcels of land claimed to have been conveyed in fraud of creditors.

Under the circumstances of this case, we have concluded that a new trial should be had as against all the defendants, and the judgment is therefore reversed, and a new trial granted; costs to abide the final award of costs.

HIRSCHBERG, J., dissents.

[1] Reported in full in the N. Y. Supplement; reported as a memorandum decision without opinion in 59 Hun, 619.