VOORHEES et al. v. UNGER et al.

(Supreme Court, Appellate Division, Second Department. May 17, 1912.)

1. Fraudulent Conveyances (§ 301*)—Intent of Grantee—Evidence.

A conveyance of a debtor's property for proper consideration cannot be set aside in the absence of proof, apart from mere suspicious circumstances that the grantee participated in the fraud.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 904–907; Dec. Dig. § 301.*]

2. Fraudulent Conveyances (§ 301*)—Fraud—Evidence.

In an action to set aside certain conveyances as fraudulent, evidence *held* insufficient to sustain a finding of fraudulent intent by the grantee.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 904–907; Dec. Dig. § 301.*]

3. Fraudulent Conveyances (§ 132*)—Badge of Fraud—Continued Use of Property.

While the continued use of property transferred by an insolvent debtor is a badge of fraud, it is not necessarily conclusive.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 407–424; Dec. Dig. § 132.*]

4. Evidence (§ 591*)—Conclusiveness on Party Introducing—Impeachment.

A party bound to prove an alleged fact cannot call his adversary as a witness thereto, elicit testimony from him to the effect that the alleged fact has no existence, and then call on the jury to discredit the evidence of the adversary because he is interested as a party, and to base on the assumed falsity of his evidence an affirmative finding of the existence of the alleged fact, without any other evidence of its existence or from which it may be inferred.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec Dig. § 591.*]

5. Trial (§ 54*)—Reception of Evidence—Declarations of Conspirators—Use and Effect.

Where evidence of declarations is admitted against one of two alleged conspirators only, and subsequently facts are proved which establish a conspiracy, and plaintiff desires that such declarations be considered equally against all the conspirators, he must then move that the testimony previously introduced should be deemed competent against all the defendants.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 126–128; Dec. Dig. § 54.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Queens County.

Action by John H. Voorhees and others against Harry Unger and others. From a judgment for plaintiffs, defendants, Gussie Unger and others, appeal. Reversed on the facts and the law, and new trial granted.

See, also, 147 App. Div. 912, 132 N. Y. Supp. 1149.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Louis J. Gold, of New York City, for appellants.
Ralph E. Hemstreet, of Brooklyn, for respondents.

BURR, J. This case comes before us for a second time. Upon the first appeal a judgment in favor of plaintiffs was reversed for insufficiency of evidence to establish fraud. 142 App. Div. 543, 127 N. Y. Supp. 11. The same difficulty now exists. As was pointed out in the former opinion, causes of action were improperly joined. As this objection was not properly raised, we must deal with the three alleged fraudulent transactions separately.

[1] So far as the conveyance from Unger to Sarah Krane is concerned, there is no evidence that at the date thereof Unger was insolvent, or that by means thereof he became so. There is no evidence that the conveyance was a voluntary one.

[2] Aside from the fact that she was a sister of the grantor, and that after the alleged conveyance to her Unger or his wife was carrying on business in a portion of the premises where he had previously carried on the dry goods business, and that, when Unger some time before the commencement of this action was asked by the attorney for the plaintiffs what Sarah Krane had paid him for the property, he replied, "Ask her," and that she subsequently gave a mortgage on said premises to Unger's wife for $2,000, which contained a recital that it was to secure the purchase price, there is no evidence that would in any way suggest that she was a party to any fraudulent transaction. Even very much of this evidence was incompetent as to the defendant Krane, and was only admitted as against the defendant Unger. But, giving to it its full force and effect, it amounts to nothing more than as above stated. It is difficult to draw the line between suspicious circumstances and facts having probative force. In this case the suspicious circumstances do not even approach the border line. But, however suspicious the circumstances may seem, bare suspicion without evidence to support it is never sufficient to sustain a finding of fraud. Barr v. Sofranski, 130 App. Div. 783, 115 N. Y. Supp. 533; Klein v. Gallin, 136 App. Div. 382, 120 N. Y. Supp. 1036. The learned trial court has expressly found, and correctly so, that:

"The plaintiffs have failed to prove that Sarah Krane had any knowledge whatever of the existence of the claim of the plaintiffs herein or of any other claims, debts or liabilities against Harry Unger at the time of the acceptance by her of the conveyance of said property from Harry Unger."

If the conveyance was a valid one, it is entirely immaterial what motive induced the grantee to give the defendant Gussie Unger a mortgage on the property. She could make her a present of it if she so desired. The fact that the mortgage contains a recital that it is given "to secure the purchase money price," if construed to mean the entire purchase money, in the absence of proof of Unger's insolvency, would not make the conveyance or the mortgage void. This action is not brought to impress a trust upon said mortgage in favor of Unger's creditors. The circumstances attending the conveyance of the personal property in the store formerly owned by Harry Unger to his wife may be suspicious, but they have not been proved fraudulent. There is some evidence, although weak and unsatisfactory in character, that he continued in possession after the alleged transfer. The force

of this evidence was very much weakened on the cross-examination of the witnesses.

[**3**] While a continued. use of property transferred by an insolvent debtor is a badge of fraud (Hickok v. Cowperthwait, 134 App. Div. 617, 119 N. Y. Supp. 390), it is not necessarily conclusive. Other circumstances may be shown to overcome the presumption arising therefrom. There is evidence in this case that the purchaser paid the sum of $1,000 as a consideration therefor, and there is no evidence that at the time when the transfer was made this was an inadequate consideration.

[**4**] But, if it shall be urged that this evidence consists of statements made by an interested party, it is sufficient to say that:

"A party upon whom it is incumbent to prove an alleged fact cannot call his adversary as a witness as to that fact, elicit testimony from him to the effect that such alleged fact has no existence, and then call upon the jury to discredit the evidence of such adversary simply because he is interested as a party, and to base upon the assumed falsity of his evidence an affirmative finding of the existence of such alleged fact, without any other evidence of its existence, or from which it may be inferred." Kirby v. Delaware & Hudson Canal Co., 20 App. Div. 473, 46 N. Y. Supp. 777; Hankinson v. Vantine, 152 N. Y. 20, 46 N. E. 292.

So as to the conveyance of the property firstly described by Unger to the Unger Realty Company in March, 1909, and subsequently by the Unger Realty Company to Rosie Jorrisch, there is no evidence in the case competent as against her that the conveyance was a voluntary one, and there is evidence of a similar character that the consideration was a valuable one. With regard to this defendant also the court found, and the evidence sustains the finding, that:

"Plaintiffs have failed to prove that the defendant Rosie Jorrisch at the time of the conveyance to her knew that the defendant Harry Unger was insolvent, and plaintiffs have likewise failed to prove that the defendant Rosie Jorrisch at the time of the conveyance to her knew of the indebtedness which existed against the said defendant Harry Unger."

Plaintiffs contend that the evidence which was received, and when received admitted against the defendant Unger only, should now be deemed probative in character as against all of the defendants, upon the theory that the acts and declarations of one of the parties to a conspiracy are competent evidence against all. People v. McKane, 143 N. Y. 470, 38 N. E. 950. This is undoubtedly the rule where the fact of the conspiracy is established. And it may also be true that the order of proof rests in the discretion of the trial court, and that the declarations may be first proven and the facts constituting the conspiracy later, although as a rule such practice is dangerous. Place v. Minster, 65 N. Y. 89.

[**5**] It is sufficient to say in this case that the evidence was originally admitted against one defendant only, and plaintiffs seem to have acquiesced in the court's ruling. If subsequently facts were proven which established a conspiracy, and plaintiffs desired the benefit of the rule invoked, after the evidence establishing such conspiracy had been introduced, they should then have asked that the testimony in the form of statements and declarations theretofore introduced should be deemed

competent against all the defendants. Otherwise the defendants against whom it had not been admitted would be justified in relying upon the absence of any evidence competent as against them. There is a distinction between a case where evidence is admitted generally, subject to a motion to strike out if not connected with one or more defendants, and a case where the evidence is in the first instance admitted against one defendant only. No application was made in this case to extend the force of the evidence previously admitted in this limited manner. The learned court has, it is true, found that Max Jorrisch and Unger conspired together to cheat and defraud Unger's creditors with regard to the property conveyed to Rosie Jorrisch. The evidence to establish this is vague and unsatisfactory. But, if sufficient as to them, the evidence as to their acts and declarations would not be competent against Rosie Jorrisch unless she also was a party to the conspiracy, and it is difficult to see how she could be a party to a conspiracy to defraud Unger's creditors in the face of the finding above referred to, and the further fact that the only affirmative evidence in the case as to the consideration for the transfer to her is to the effect that the conveyance was not a voluntary one.

For the reasons stated in the opinion upon the previous appeal, the judgment in favor of the plaintiffs against Max Jorrisch for the costs of the action cannot be sustained.

The judgment in so far as appealed from should be reversed, both upon the facts and the law, and a new trial granted, costs to abide the final award of costs. All concur, except HIRSCHBERG, J., dissenting.

