A. LAWRENCE KERKER, Appellant, *v.* CHARLES S. LEVY et al., Respondents.

**Fraud — presumption as to voluntary conveyance by one indebted at the time.**

A voluntary conveyance by one indebted at the time is presumptively fraudulent as against existing creditors. (*Smith* v. *Reid*, 134 N. Y. 568, approved; *Kain* v. *Larkin*, 131 N. Y. 300, overruled.) *Kerker* v. *Levy*, 140 App. Div. 428, affirmed.

(Argued June 18, 1912; decided June 29, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 4, 1910, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granting a new trial.

This action was brought by plaintiff as a judgment creditor to set aside as fraudulent and void certain transfers made by defendant Charles S. Levy to the defendant Bertha Levy a few days prior to their marriage, and less than a month prior to the docketing of plaintiff's judgment.

*Edward W. S. Johnston* for appellant.

*Joseph J. Baker* for respondents.

*Per Curiam.* While we hold that the rule stated in *Smith* v. *Reid* (134 N. Y. 568) that a voluntary conveyance by one indebted at the time is presumptively fraudulent as against existing creditors is the law of this state, rather than the rule laid down in *Kain* v. *Larkin* (131 N. Y. 300), still we are of opinion that the evidence

in the case presented questions of fact, the determination of which by the trial court it was within the power of the Appellate Division to review and reverse.    Therefore, as the order of reversal recites that it was made on the facts as well as on the law the plaintiff's appeal must fail, the order granting new trial must be affirmed and judgment absolute rendered against the appellant on the stipulation, without costs in any court.

CULLEN, Ch. J., HAIGHT, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur; GRAY, J., absent.

Order affirmed, etc.