### KLEIN v. GALLIN et al.

(Supreme Court, Special Term for Trials, Kings County. April 30, 1913.)

1. BANKRUPTCY (§ 303*)—FRAUDULENT CONVEYANCES—EVIDENCE.

    Evidence *held* insufficient to show fraud as to creditors in a bankrupt's conveyance to a party defendant, or in his mortgage to another of the parties defendant.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. § 303.*]

2. FRAUD (§ 50*)—PRESUMPTIONS.

    Fraud is never presumed, but must be proved.

    [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47; Dec. Dig. § 50.*]

3. BANKRUPTCY (§ 175*)—FRAUDULENT CONVEYANCES—CONSIDERATION—INADEQUACY OF PRICE.

    The fact that a party defendant, purchasing from a bankrupt, got property at a bargain price, or at much less than its actual value, was immaterial, since mere inadequacy of price is not sufficient to predicate fraud.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 247, 248; Dec. Dig. § 175.*]

Action by John Klein, as trustee in bankruptcy of Samuel Gallin, against Samuel Gallin, Louis Grossman, and Harry Goldfisch. Judgment in favor of defendants Grossman and Goldfisch, and complaint dismissed.

See, also, 151 App. Div. 883, 135 N. Y. Supp. 1121.

Altkrug & Kahn, of New York City, for plaintiff.

Miller, Miller & Stein, of Brooklyn (Robert H. Elder, of New York City, of counsel), for defendants.

MANNING, J. This action is brought by the plaintiff, John Klein, as trustee in bankruptcy of Samuel Gallin, against Samuel Gallin, Louis Grossman, and Harry Goldfisch, for the purpose of setting aside, as fraudulent, conveyances from the defendant Gallin to the defendant Grossman of two pieces of property, Nos. 13 and 17 Moore

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

street, in the borough of Brooklyn, city of New York, and a mortgage on No. 13 Moore street, from Grossman to the defendant Goldfisch.

In the decision of this case I am of the opinion that it would serve no useful purpose to restate the facts, or to recapitulate the evidence, either oral or documentary, taken upon the trial just had before me at Special Term, for the reason that the history of the different transfers of property made by the defendant Gallin to the defendant Grossman and others, and the mortgage made to the defendant Goldfisch by Gallin, has been fully set forth in the record of the two previous trials, and the legal effect of Gallin's acts is fully stated in the two reports of this controversy contained in Klein v. Gallin, 136 App. Div. 382, 120 N. Y. Supp. 1036, and Klein v. Gallin, 151 App. Div. 883, 135 N. Y. Supp. 1121.

[1] As a result of these judgments, several transfers and assignments of property made by Gallin to various persons were declared fraudulent and void as to creditors; but as to the conveyances to Grossman and the mortgage to Goldfisch it was decided that the evidence of fraud was insufficient, and as to these two defendants a new trial was ordered. This new trial has just been had, and the only question for me to determine is: Does the same difficulty now exist, or has the plaintiff presented a stronger or different state of facts, and has he produced new or better evidence of the so-called fraud, as to Grossman and Goldfisch, than was produced on the other trials? The plaintiff contends that the testimony presented on this new hearing is quite different from that offered on the two previous trials, while the defendants Grossman and Goldfisch say that the evidence of the so-called fraud is no stronger than before, and hence that the plaintiff has failed to make out a cause of action.

A careful scrutiny of the evidence justifies this assertion; for, although there is ample evidence, throughout the entire case, that Gallin was in failing financial circumstances, yet nowhere, save by the atmosphere of suspicion, is there any tangible proof that Grossman had knowledge, actual or constructive, of Gallin's fraudulent intent. It is true, as the plaintiff contends, that there are certain features in the present trial which materially differ from the other trials, and he cites the introduction of certain depositions of Grossman and Goldfisch in the bankruptcy court, which were not fully given in the former trials, also the introduction of transcripts of Grossman's bank account, showing certain balances and discounts, and the testimony of the witnesses Resnick and Leshinsky, and the failure of Grossman to take the witness stand in his own behalf.

It is true that a reading of the depositions does disclose some contradictions; but in the main the story concerning the transfer to Grossman is substantially the same. It is also true that the transcript of the bank account indicates that Grossman's financial dealings were somewhat meager and unimportant; but it does not thereby follow that the man did not and could not have had the money he says he had in cash, at the date of his purchase from Gallin. He (Grossman) swears that he always kept money in the house, and he is corroborated by the evidence of the lawyer, Stein, who swears that he actually saw the

money counted and paid over to Gallin when the transaction was closed. The testimony of the witness Resnick amounts to very little. It is to the effect that on a certain occasion, when the cellar of No. 13 Moore street was flooded, he saw Gallin go there with a plumber, and that this incident took place after Gallin had ceased to be the owner. His memory was not very good as to the circumstances attending the facts attempted to be proved, and, giving it all the effect possible, it does not touch the main question with sufficient strength to make out a case of fraud. The testimony of the witness Leshinsky is equally unsatisfactory; for all that it amounts to is that he had made an offer of $16,500 to Gallin for No. 17 Moore street for some one, but he specifies no actual customer. Such evidence as this does not change the situation at all. The fact still remains that, aside from suggestions, deductions, suspicions, and insinuations, there is no evidence which connects Grossman with any fraud, or which refutes the fact that he purchased the property from Gallin and paid him a money consideration for it, in addition to taking it subject to a large mortgage indebtedness then upon the property, and that he executed a mortgage thereon for the payment of the amount due to Goldfisch for his plumbing contract.

Now, as to the charges against Goldfisch, represented by the $3,000 mortgage: There is no denial of the fact that the man did the plumbing work in the house No. 13 Moore street, and that he never was paid the full amount of his bill, save by the mortgage in question. It is true that the plaintiff attempted to show that the amount of the bill was excessive; but even as to this phase of the case there is considerable conflict of evidence. The witness Tyler, for the defense, swears that the plumbing was worth over $3,000, while witnesses for the plaintiff say it was not worth that much. However, there is no contradiction of the fact that Goldfisch did the work, and that his price for doing it was to be $3,500, $500 of which he received in cash and the remaining $3,000 by the mortgage in question. This mortgage, given for the purpose of paying the man for the work, labor, and services performed and the materials furnished by him, bears evidence of having been made in good faith, and nowhere is there any evidence pointing to actual or constructive fraud in the transaction in connection with the claim of Goldfisch. Justice Thomas, in his opinion in this case, says, among other things:

"And what is the evidence that Goldfisch was not an honest creditor? Gallin states that he was; but, disregarding Gallin, Goldfisch so testifies. There is no evidence to the contrary. * * * If Goldfisch did not do it, if he did not buy the material, if he did not pay the bills, if he did not employ the laborers and oversee or do the work, it seems possible to make some proof thereof. There is no evidence to dispute him in that regard. If he did the work, he was entitled to his pay, and the payment through the Grossman mortgage would be legitimate." Klein v. Gallin, 136 App. Div. 382, at page 385, 120 N. Y. Supp. 1036, 1038.

No plainer statement of the facts or the law could be made, and on the recent trial not a scintilla of evidence was presented to vary the situation, so far as the Goldfisch mortgage is concerned.

As to the transfer to Grossman, there is no substantial variance in the proof given in the prior trials and that offered in this trial. In the light of all the evidence it appears that Grossman was a purchaser in good faith and for value, and the only serious question is the value of the houses at the time he bought them. · Experts testified on both sides of the question, and the value was given anywhere from $32,000 to $47,000. On the trial· Grossman, through his attorney, offered to sell or reconvey the property for $37,000, which he claims as the amount the property stands him in; but the plaintiff or his experts declined to accept the offer. I am of the opinion that the price of $47,000 is excessive and exaggerated, and at the same time it might be said that the price of $32,000 was rather low; but, however that may be, it does not materially affect the main question here. It is, of course, well known that in the panic of 1907 and in the year following values of real property in Brooklyn were very much depressed, and when Grossman bought the property it is a question whether it had a market value, or any value, exceeding what he paid for it.

[2] The proof shows that Gallin realized the fact that he had made an unfortunate speculation in regard to his building operations, and, at a time when money was hard to get and property was unsalable, he endeavored to get what he could out of the wreck, and so, when Grossman made his offer, it was accepted. The circumstances, however, do not stamp the transaction as fraudulent. Fraud is never presumed; it must be proved. Jaeger v. Kelly, 52 N. Y. 274; Barr v. Sofranski, 130 App. Div. 783, 115 N. Y. Supp. 533; Voorhees v. Unger, 151 App. Div. 35, 135 N. Y. Supp. 113.

[3] It matters not that Grossman got the place even at a bargain price, or much less than its actual value. Mere inadequacy of price is not sufficient to predicate fraud. The fraudulent intent of Gallin is not sufficient. Grossman must be connected with the taint, else the charge of fraud as to him fails. Authorities on this question are numerous, and the principle is almost elementary. The facts in the present case are in no sense different from those found in the prior trials, and touching them Justice Thomas says:

"I see no justification for holding that the purchase by Grossman was fraudulent, except that, as claimed and probably found, he got the property for less than it was worth; but, considering the depression in values and the difficulty of obtaining money for investment, it would seem that the inadequacy of price was not sufficient to give him notice that the property was being sold in fraud of the grantor's creditors. * * * Grossman had a legal right to buy at a bargain, at even a very inadequate price. The vendor's improvidence in selling of itself does not accuse his vendee. * * * It is not beyond belief that Gallin found himself driven to the sacrifice made by him." Klein v. Gallin, 136 App. Div. 382, at pages 384, 385, 120 N. Y. Supp. 1037, 1038.

And, further, at page 383 of 136 App. Div.,·and page 1037 of 120 N. Y. Supp., he says:

"Whatever may be said of the fraudulent intent of Gallin, I find no sufficient evidence of such intent on the part of Grossman, unless it may be inferred from the fact that he kept the money in the house and paid in cash, or from an implication that he was buying from a man in straightened or failing circumstances at prices less than the values of the ·properties."

Such, then, was the situation as revealed by the testimony on the prior trials of this case, and so far as the present trial is concerned no material change in the picture has taken place. As I view the situation, there is no evidence here which taints the conveyance to Grossman, or the mortgage to Goldfisch, with fraud.

It follows, therefore, that judgment should be rendered in favor of the defendants Grossman and Goldfisch, dismissing the complaint, with costs.