(165 App. Div. 566)

### VOORHEES et al. v. UNGER et al.

(Supreme Court, Appellate Division, Second Department.  December 24, 1914.)

1. FRAUDULENT CONVEYANCES (§ 102*)—RELATIVES.
> That a debtor conveyed property to his wife and to his sister was not of itself sufficient to establish that the conveyances were fraudulent.
> [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 330–332; Dec. Dig. § 102.*]

2. FRAUDULENT CONVEYANCES (§ 300*)—CONSIDERATION—PROOF.
> Where the only witness called by complainants in a suit to set aside alleged fraudulent conveyances was the grantor, whose testimony, if true, would establish a sufficient consideration for each conveyance, the fact that the trial justice did not believe such testimony was not sufficient to sustain a finding of fact to the contrary.
> [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 896–903; Dec. Dig. § 300.*]

3. FRAUDULENT CONVEYANCES (§ 297*)—INSOLVENCY—EXECUTION—RETURN UNSATISFIED.
> The return of an execution against a debtor unsatisfied in July, 1910, was not evidence of the debtor's insolvency in the preceding February, when he conveyed certain property to his relatives.
> [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 891; Dec. Dig. § 297.*]

4. FRAUDULENT CONVEYANCES (§ 102*)—VACATION—PROOF.
> Conveyances by a debtor to his relatives could not be set aside as a fraud on creditors, in the absence of proof that they were voluntary and

──────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that he was insolvent at the time they were made, or that he became insolvent by reason thereof.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 330–332; Dec. Dig. § 102.*]

Appeal from Special Term, Queens County.

Suit by John H. Voorhees and others against Harry Unger and others. From a judgment in favor of complainants, certain defendants appeal. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Louis J. Gold, of New York City, for appellants.
William B. Hurd, of Brooklyn, for respondents.

BURR, J. This action was originally commenced against Harry Unger, Gussie Unger, his wife, Sarah Krane, and three other defendants, to set aside several conveyances made by said Harry Unger, at different times, to said several defendants, as fraudulent and void as against plaintiffs, who subsequently became judgment creditors of said Harry Unger. Upon two previous occasions a judgment in favor of the plaintiffs has been reversed by this court for insufficient proof. Voorhees v. Unger, 142 App. Div. 543, 127 N. Y. Supp. 11; Id., 151 App. Div. 35, 135 N. Y. Supp. 113. The action now appears to have been abandoned against all of the defendants, except Harry Unger and his wife, and Sarah Krane, who is his sister. So far as these defendants are concerned, the present judgment sets aside a conveyance of certain personal property, consisting of a stock of dry goods in the store at the corner of Zeidler avenue and Nurge street, in Maspeth, Long Island, made by Unger to his wife on February 5, 1909, and also a conveyance of said real property to the defendant Sarah Krane, by deed dated February 16, 1909, and recorded on March 5, 1909, and a subsequent mortgage on said real property by the last-named defendant to Gussie Unger. At the time mentioned Harry Unger was extensively engaged in building operations, and continued therein until July of the same year. Plaintiffs were dealers in building materials. On February 16, 1909, Harry Unger was indebted to them in the sum of $800 for materials theretofore sold and delivered to him. Between February 16th and March 5th plaintiffs sold and delivered to him additional material of the value of $600; and, subsequent to the later date, continued to sell and deliver to him such material. On July 14, 1909, they recovered a judgment for goods sold and delivered for the sum of $2,095.89. Upon this judgment an execution was subsequently issued, and returned unsatisfied.

[1] There is no finding in this case of a conspiracy between defendants to cheat and defraud plaintiffs, so that evidence of overt acts, in furtherance thereof, upon the part of one defendant, would be competent against his co-conspirators, nor is there evidence to sustain such finding. The fact that Gussie Unger is the wife, and Sarah Krane the sister, of Harry Unger, is not of itself sufficient to establish that the respective conveyances were fraudulent. Wadleigh v.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wadleigh, 111 App. Div. 367, 97 N. Y. Supp. 1063; Kerker v. Levy, 140 App. Div. 428, 125 N. Y. Supp. 357, affirmed 206 N. Y. 109, 99 N. E. 181. There is no evidence in this case that the conveyances, or either of them, were voluntary; that is, without sufficient consideration. The conveyances themselves were not offered in evidence; ·so that, so far as the present record is concerned, we are not advised as to their apparent character.

[2] The only witness called by the plaintiff on this subject was Harry Unger. His testimony, if true, would establish a sufficient consideration for each conveyance. The learned trial justice states that he did not believe this testimony. Perhaps he was not obliged to do so. But, if we strike the whole of it from this record, then plaintiffs are left without any testimony on the subject. Disbelief of this testimony is not sufficient to sustain a finding of fact to the contrary thereof, in the absence of other evidence of its existence, or from which it may be inferred. Voorhees v. Unger, 151 App. Div. 35, 38, 135 N. Y. Supp. 113, and cases there cited.

[3] Neither is there evidence that, by these two conveyances, the defendant Harry Unger then became insolvent. The return of an execution unsatisfied in July, 1910, would not be evidence of insolvency of the judgment debtor in the preceding February. Voorhees v. Unger, 142 App. Div. 543, 127 N. Y. Supp. 11. There was evidence that at that time he was indebted. But indebtedness is one thing, and insolvency is another. Upson v. Mt. Morris Bank, 103 App. Div. 367, 92 N. Y. Supp. 1101.

[4] The apparent conflict in the decisions upon the question whether a voluntary conveyance, by one indebted, is presumably fraudulent as against existing creditors, must now be deemed to be settled in favor of such contention. Kerker v. Levy, 206 N. Y. 109, 99 N. E. 181. But not only is there no evidence that these conveyances were voluntary, but there is evidence from the witness Unger that, by these transfers, he did not divest himself of all of his real property, but that he still owned a plot on Onderdonk avenue, consisting of 31 lots, the value of which is not shown, and which was not conveyed by him until some time subsequent thereto. There is nothing to contradict this testimony. If we should disregard it, then there is no evidence upon this subject. If we concede that there were suspicious circumstances in connection with these transfers, suspicion is not the equivalent of proof. Barr v. Sofranski, 130 App. Div. 783, 115 N. Y. Supp. 533. There is. a total failure of proof in this case upon every point essential to plaintiff's cause of action, and the judgment appealed from must be reversed, and a new trial granted; costs to abide the final award of costs.

Judgment reversed, and new trial granted; costs to abide the final award of costs. The eighth finding of fact is modified as to the date, and the ninth and eleventh findings of fact are reversed, as contrary to the evidence, or without evidence to sustain them. All concur, except CARR, J., not voting.