W. N. HALLOCK CO., Inc., v. HAIG.

(Supreme Court, Appellate Term, First Department.   January 4, 1916.)

1. VENDOR AND PURCHASER ☞44—ACTION FOR PRICE—FRAUDULENT REPRE-
SENTATIONS—PROOF.

Where, in a vendor's action for unpaid purchase money, the only evi-
dence in support of the sole defense that the written contract for sale of
the land to defendant was procured by fraudulent representations was
evidence tending to show a collateral oral agreement that, if defendant
tried to interest his friends and business associates in purchasing land
from plaintiff, plaintiff would take back the land from defendant if he
so desired, a verdict for defendant was unauthorized.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§
69–76; Dec. Dig. ☞44.]

2. FRAUD ☞50—PRESUMPTION—PROOF.

Fraud is never presumed, but must be clearly proven.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 46, 47; Dec. Dig.
☞50.]

Appeal from Municipal Court, Borough of Manhattan, Fourth Dis-
trict.

Action by the W. N. Hallock Company, Incorporated, against James
B. Haig, Jr.   From a judgment for defendant, plaintiff appeals.   Re-
versed, and new trial ordered.

Argued December term, 1915, before GUY, PAGE, and
PHILBIN, JJ.

Robert C. Durland, of New York City, for appellant.
George W. Tucker, Jr., of New York City, for respondent.

GUY, J.   Plaintiff appeals from a judgment in favor of defendant,
entered on the verdict of a jury.   The action was brought by a vendor
of real estate to recover of the vendee certain unpaid installments
due upon a written contract for the sale of land, which provided that
the purchase price of certain lots of land, $600, should be paid by
the defendant as follows:   Thirty dollars on the making of the con-
tract, and $15 per month each month thereafter—plaintiff agreeing, up-
on payment in full of the purchase price by defendant, to convey said
land to one Valleda Haig, the wife of the defendant.   The only pay-
ment made by the defendant was $30 at the time of making the con-
tract.

The answer admits the making of the contract, but alleges that the
signing of the contract by defendant was obtained through fraudulent
representations made by plaintiff's agent as to the contents of the writ-
ten instrument.   On the trial, however, defendant failed to give any
evidence of misrepresentation by plaintiff's agent as to the character
of the instrument signed by the defendant.   The paper was in large
type, was submitted to defendant with full opportunity to acquaint
himself with the contents thereof, and defendant admits that a copy
of the paper was probably left with him.

[1, 2]   There is a failure of proof, both as to actual fraudulent rep-
resentation as to the contents of the instrument, and as to defendant's

reliance on such false representation. Defendant's testimony, at most, tends to prove a collateral oral agreement that, if defendant made efforts to interest his friends and business associates in the purchase of land from plaintiff, the plaintiff would take back the land from defendant if he so desired. Fraud is never presumed, but must be clearly proven. Klein v. Gallin, 141 N. Y. Supp. 831; Voorhees v. Unger, 151 App. Div. 35, 135 N. Y. Supp. 113.

The defendant having admitted signing the contract upon which the action is brought and his failure to perform the same, and having failed utterly to make out the defense of fraud, there was no issue to submit to the jury; and, had a proper motion been made for the direction of a verdict in favor of plaintiff, it would have been the duty of the trial judge to grant the motion.

The judgment must therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.