JAMES G. PURDY, as Trustee in Bankruptcy of MARION E. TOWSE, Bankrupt, Respondent, v. MARION E. TOWSE and HAROLD RANKEN TOWSE, Appellants.— Appeal from a judgment setting aside a transfer of real property from the defendant Marion E. Towse to her son, Harold Towse. The property was transferred on August 15, 1925, and the deed was recorded by the son on September ninth of the same year. A few weeks prior to the date of the transfer Pariso, an infant, had been injured in a collision between the grantor's car and another. At the time the deed was given, no claim had been made by Pariso. An action was begun in 1928 by Pariso against the grantor. Upon the first trial in 1930 his complaint was dismissed, upon the second trial in September, 1931, a judgment was obtained. It is this judgment which caused the grantor to become bankrupt. After the making of the deed, the grantor continued to maintain a substantial bank account, at least until February 28, 1929, the amount varying, but a majority of the time being more than $1,000, and at the end of 1928 it was $2,150. The grantor testified, as did the grantee, that she was indebted to him in a sum in excess of $2,000. The trial judge was in error in admitting the testimony given by the grantor in her bankruptcy proceeding as an admission against the grantee. (*Williams* v. *Williams*, 142 N. Y. 156; *Lent* v. *Shear*, 160 id. 462; *Meyer* v. *Mayo*, 196 App. Div. 78.) Judgment reversed and a new trial granted, with costs to the appellants to abide the event. This reversal is on the facts, the decision being against the weight of the evidence. It is also reversed upon the law, for the improper admission of testimony as indicated in the statement. Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and Bliss, JJ., dissent.

In the Matter of the Application of No. 17 BEEKMAN PLACE, Petitioner, Appellant, for a Mandamus Order against EDWARD J. FLYNN, Secretary of the State of New York, Respondent.— This is an appeal from an order denying appellant's application for a peremptory order of mandamus to direct the Secretary of State to accept and file appellant's certificate of extension of corporate purposes. The respondent refused to file the certificate of extension because it was not accompanied by the approval of the State Board of Social Welfare. The appellant was organized pursuant to the provisions of the Membership Corporations Law, to provide a temporary refuge and home for delinquent and friendless women and girls, and for unmarried and homeless mothers with their babies, where they may be reclaimed and assisted in becoming self-supporting and for other purposes along said line. The approval of the State Board of Social Welfare was indorsed upon the original certificate. The appellant claims that the desired extension of corporate purposes was not among those enumerated in subdivision 1 of section 11 of article II of the Membership Corporations Law as required the approval of the State Board of Social Welfare and that the respondent was without authority in law to reject the certificate when it was presented to him as Secretary of State for filing. The order should be reversed and the motion granted, with costs. Order reversed, on the law and facts, with costs, and motion granted, with ten dollars costs. Hill, P. J., Crapser and Heffernan, JJ., concur; Rhodes and Bliss, JJ., dissent.