Henry L. Nostrand et al., as Executors, etc., Respondents, *v.* John Ditmis et al., as Executors, etc., Appellants.

In an action by a wife against the executors of her husband to recover certain sums alleged to have been received and not paid over by him in the management of her separate estate, the referee found that certain disbursements charged by said husband in the account kept by him were on his own account, in payment of his debts and for moneys given his wife to pay for her clothing and other necessaries suitable to her position in society. Some of these were entered in the account more than six years before her husband's death; there were entries of receipts of rents by him within the six years which exceeded the amount of the recovery. The referee refused to find as requested that the claim on such of the items as were entered more than six years prior to the husband's death was barred by the Statute of Limitations. *Held,* no error; that in view of the rule that payments made upon an account will, if nothing appears to the contrary, be deemed applied upon the earlier items and the amount remaining unpaid may be found in or represented by the later ones, the moneys represented by entries improperly made might be treated on behalf of the wife as remaining in the husband's hands.

It appeared that from time to time prior to six years before the husband's death, balances were struck and brought down in the account. The evidence did not conclusively establish that this was done with the consent or acquiescence of the wife; but this question was one of fact for the referee; he was requested, but refused, to find that in each instance such balances had the effect of an account stated. *Held,* no error.

The wife testified that certain of the moneys charged to her in the account were used by her to pay for clothing and other necessaries. *Held,* that this did not warrant the conclusion that these entries were improperly made in the account, or justify the allowance of the amount thereof.

The use by a wife of her own money for the purchase of necessaries for herself does not create a liability against her husband for the amount so expended, in the absence of circumstances, out of which might arise a promise to repay it.

(Argued April 27, 1891; decided June 23, 1891.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made the second Monday of May, 1890, which affirmed a judgment in favor of plaintiffs entered upon an order confirming the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. Countryman* and *D. W. Northrup* for appellants. The burden was upon the claimant to show that the items claimed were improperly charged against her. (*Young* v. *Hill*, 67 N. Y. 163, 172.) Mrs. Johnson was improperly allowed to testify that Mr. Johnson was present when she made the entries which are in her handwriting. (*Nay* v. *Curly*, 113 N. Y. 575; *Oliver* v. *Freligh*, 36 Hun, 633; *Fox* v. *Clark*, 61 Barb. 216; *Viall* v. *Leavens*, 39 Hun, 291; *Pinney* v. *Orth*, 88 N. Y. 447; *Denise* v. *Denise*, 110 id. 562; *Clift* v. *Moses*, 112 N. Y. 427; *Hauxhurst* v. *Ritch*, 119 id. 622.) Mrs. Johnson was also improperly allowed to testify that the cash charged against her in the account was used for her support, her clothing and a great deal that she needed, and household expenses; she was also improperly allowed to testify that the charities, in the list of charities, were not her contributions, but that Mr. Johnson made them by putting the money in the plate. (*Church* v. *Howard*, 79 N. Y. 415; *Dilliber* v. *H. L. Ins. Co.*, 69 id. 257.) She was also improperly allowed to testify that the accounts, 1860–1869, were destroyed by Mr. Johnson in her presence. (*Headsall* v. *Scott*, 26 Hun, 617; *Rease* v. *Barnett*, 30 id. 525.) There is no competent evidence to sustain the findings of the referee. (*Pollock* v. *Pollock*, 71 N. Y. 137; *Matthews* v. *Coe*, 49 id. 57.) The relation of Mr. Johnson to Mrs. Johnson was that of agent to his principal, and not of trustee. (*Southwick* v. *Southwick*, 49 N. Y. 510; 2 Sweeny, 247.) The Statute of Limitations had run, at the date of Mr. Johnson's death, on that portion of the claim back of March, 1881, which amounts to $5,155.03. (Wood on Lim. §§ 123, 200; Code Civ. Pro. § 123; *Lillie* v. *Hoyt*, 5 Hill, 395; *Budd* v. *Walker*, 113 N. Y. 637; *Mills* v. *Mills*, 115 id. 80.) The account between the claimant and her husband was at his death an account stated. (*Koch* v. *Bonitz*, 4 Daly, 117; *Samson* v. *Freedman*, 102 N. Y. 669; *Towsley* v. *Denison*, 45 Barb. 490; *Young* v. *Hill*, 67 N. Y.

173; *Lockwood* v. *Thorne*, 18 id. 292.) Mrs. Johnson was estopped in law and equity from repudiating the payments made for her account, and which she sought by this proceeding to recover. (Herman on Est. §§ 768, 769, 776; *T. N. Bank* v. *Guenther*, 123 N. Y. 568; *Sean* v. *Coffe*, 122 id. 308; *Hendricks* v. *Isaacs*, 117 id. 411.) Under the circumstances of this case, the law implies a gift of the income to Mr. Johnson for the purposes for which he used the same, and so far as he appropriated it to their joint use, or for expenditures for her use, or for household expenses. (Clancy on Husband & Wife, 352; *Ridout* v. *Lewis*, 1 Atk. 289; Schouler on Husband & Wife, §§ 249, 284; *Lyon* v. *G. B., etc., R. R. Co.*, 42 Wis. 548; *Brooks* v. *Brooks*, 4 Redf. 313; *T. N. Bank* v. *Guenther*, 123 N. Y. 576.) The rules which protect the estate should be enforced more rigidly in case of a claim of an executor or administrator than that of an ordinary claim. (*Barnett* v. *Noble*, 5 Redf. 74; *Wood* v. *Rusco*, 4 id. 380; *Kearney* v· *McKeon*, 85 N. Y. 139.) An appeal lies to this court from the judgment and order appealed from in this case. (*Fredenburgh* v. *Biddlecom*, 85 N. Y. 196.) The court improperly allowed costs of the reference in addition to the disbursements to the plaintiffs. (*In re McQueen*, 58 Hun, 172; *Denise Case*, 110 N. Y. 562, 563.)

*Josiah T. Marean* for respondents. The case made was not such as required the referee as matter of law to give any force or effect to the assent to the account by the plaintiff in the testator's lifetime. His disregard of it presents no question, therefore, which this court can review. (*Brock* v. *Barnes*, 40 Barb. 521; *Sears* v. *Shafer*, 6 N. Y. 268; *Boyd* v. *De la Montaigne*, 73 id. 502; *Green* v. *Roworth*, 113 id. 470, 471; *Cowee* v. *Cornell*, 75 id. 99; *In re Smith*, 95 id. 516; *Credit* v. *Brown*, 10 Johns. 365; *Rouse* v. *Whited*, 25 N. Y. 170.) It involved no error of law that the referee disbelieved and disregarded the assertions of discharge in this account, especially since the items disallowed, or so many of them, were of such a

character as in themselves to raise a doubt whether the debt had actually been, by such payments, *pro tanto* discharged. (*Smith* v. *Blandy*, R. & M. 257; *Berman* v. *Woodbridge*, 2 Doug. 788; *Thompson* v. *Lamb*, 7 Ves. 588; *Reeve* v. *Whitmore*, 2 D. & S. 446; *Rose* v. *Savory*, 2 Scott, 199; *Morehouse* v. *Newton*, 3 DeG. & S. 307; *Robinson* v. *Scotney*, 19 Ves. 584; *Freeman* v. *Tatham*, 5 Hare, 329; *Kelly* v. *Bush*, 2 Hill, 440; *Barnes* v. *Allen*, 1 Abb. Ct. App. Dec. 119; *Von Suchs* v. *Kretz*, 72 N. Y. 551.) The claim was not barred by limitation. (Code Civ. Pro. § 410.)

BRADLEY, J. The subject of controversy is a claim made by the plaintiffs' testatrix, who has died since the trial, against the estate of the defendants' testator and referred pursuant to the statute. Those persons intermarried in the year 1859, and shortly thereafter the husband took the possession, care and management of the separate estate of his wife, consisting of property both real and personal, and opened and kept an account of the rents, issues, profits and income of the property and of disbursements and payments until near the time of his death, which occurred March 23, 1887. The referee found that certain of such disbursements so charged from and after September 15, 1869, to Mrs. Johnson were on his own account, in payment of his debts and moneys given to Mrs. Johnson to pay for clothing and other necessaries suitable to her position in society; and that of the money so received by him he "retained and never paid over" to her the sum of $7,814.83, the amount of items improperly charged against such rents, profits and income which he received, and directed judgment for that sum against the defendants. The account through that period of time consisted of a large number of items debited and credited to the defendants' testator. And the plaintiffs' claim was founded upon such account and made up of items alleged to have been improperly credited by the husband to himself as for disbursements and payments to and on account of Mrs. Johnson. A portion of them was entered in the account more than six years prior to the death of the

defendants' testator and some of them within that time. And to the refusal of the referee to find that the claim on such of them in question as were entered prior to March 23, 1881, was barred by the Statute of Limitations, the defendants excepted, and now insist that such refusal was error. It may be observed that the amount of such rents, profits and income recceived by and debited to Mr. Johnson within six years preceding his death exceeded the amount of the recovery; and in view of the rule that payments made upon an account will, if nothing appears to the contrary, be deemed applied upon the earlier items of it, the amount remaining unpaid may be found in or represented by the later ones. And for that purpose the moneys represented by entries of disbursements improperly made or charged by the defendants' testator on his own account would be treated in behalf of his wife as still remaining in his hands. Applying that rule to the present case the claim would be relieved from the bar of the statute. (*Thompson* v. *St. Nicholas Nat. Bank*, 113 N. Y. 326, 333.) It is, however, urged that this cannot be done in this case because it appears that from time to time prior to 1883 balances were brought down in the account, thus producing an account stated in each instance.

Although the evidence may have warranted the conclusion that such was the effect of the several balances so represented, it cannot, as matter of law, be so held, as it does not necessarily appear that it was done by the consent or acquiescence of the plaintiffs' testatrix. This was at least a question of fact for the determination of the referee, and there was no error in his refusal to find as so requested.

There is a further inquiry presenting the question of the sufficiency of proof to justify the allowance of items in the account of cash which the referee found was given to Mrs. Johnson "to pay for clothing and other necessaries." It embraced such entries without anything appearing in connection with them showing the purpose for which the moneys were given to her, and as they appear in the account as disbursements they, without some explanation, must be deemed

to have been properly charged as such; since the account was put in evidence by her. The only other evidence on the subject having relation to the use to which the moneys were applied was given by her testimony as follows: " Q. The cash items that are charged against you in the account. What was the cash used for ? A. For my support and clothing and a great deal that I needed and household expenses." To the introduction of this evidence objection and exception were in due time taken by the defendants' counsel. And if it tended to prove the purpose for which the money was given to her by the defendants' testator it was inadmissible. (*Tooley* v. *Bacon*, 70 N. Y. 34; *Clift* v. *Moses*, 112 id. 426.) But it is not apparent that such was its effect, and assuming that it was not, there was no evidence to justify the inference that it was handed to her for any purpose other than is represented by the fact that the moneys were entered in the account as disbursements or payments against the rents, profits and income received by the husband from the separate estate of the wife, and in satisfaction *pro tanto* of her claim against him therefor. And the mere fact that the moneys paid to her by him on that account were used by her for the purposes mentioned in her evidence, did not warrant the conclusion that those entries were improperly made in the account between them, or justify the allowance of the amount of them as a claim for the purpose of recovery against the defendants. The use by the wife of her own money for the purchase of clothing and necessaries for herself would not create a liability to her of her husband for the amount so expended without the aid of circumstances, out of which might arise a promise to repay it to her. (*Jaques* v. *M. E. Church*, 17 Johns. 548; *Hendricks* v. *Isaacs*, 117 N. Y. 411; *T. N. Bank* v. *Guenther*, 123 id. 568; *Romer* v. *Koch*, 49 Hun, 483.) The fact that she received the moneys so charged in the account is not questioned. And nothing appears in the evidence to justify the conclusion of the referee that Mrs. Johnson was entitled to recover the amount for which recovery was allowed by him of the cash items so charged to her or credited to the defendants' testator

as payments on account of moneys received by him from her separate estate.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.