CHARLES M. DURLAND and Others, Appellants, v. CARRIE J. CRAWFORD, Individually and as Administratrix, etc., of ROBERT I. BALDWIN, Deceased, Respondent.

Third Department, July 1, 1918.

Debtor and creditor — creditor's action to set aside alleged fraudulent conveyance by husband to wife — presumption of fraud from voluntary conveyance — evidence — fraudulent transfer to defeat claim of future creditors.

Where in a creditor's action to set aside as fraudulent a conveyance made by a husband to his wife, neither the pleadings nor the evidence tend to show that any of the plaintiffs were existing creditors as to their present demands at the time of the transfer, the rule that a voluntary conveyance of property by one indebted at the time is presumptively fraudulent as against existing creditors does not apply.

Such an action is not brought within the rule by extending the pleadings to all other creditors of the husband who shall come in and contribute to the expense of the action, for the equitable principle involved reaches only to those who are similarly situated as the moving plaintiffs.

As to creditors not existing at the time of the transfer, there is no presumption arising out of the fact that said transfer was for a nominal consideration.

The theory of the complaint that the transfer was fraudulently made to defeat the claim of future creditors is not sustained by the evidence.

No presumption of fraud arises from a merely voluntary transfer in favor

of those who become creditors subsequent to that event; the fraud must be proved. It must not only appear that the grantor made the transfer with intent to defraud such subsequent creditors, but that it was received with like intent on the part of the grantee.

APPEAL by the plaintiffs, Charles M. Durland and others, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schuyler on the 12th day of December, 1917, upon the decision of the court after a trial at the Schuyler Special Term.

*Lewis E. Mosher,* for the appellants.

*Bertrand W. Nye,* for the respondent.

WOODWARD, J.:

This is a creditor's action, seeking to set aside, as fraudulent, a certain conveyance made by Robert I. Baldwin, deceased, to his wife, the present personal defendant who has since remarried. The action has been tried three times. On the first trial the jury disagreed. Upon the second trial, before the court without a jury, the plaintiffs recovered. An appeal to this court resulted in a reversal of the judgment. (172 App. Div. 283.) The third trial has resulted in a judgment dismissing the complaint, the learned court in an opinion holding that the case presents no substantial change from the facts as they appeared upon the second trial, and that, under our holding upon the former appeal, no cause of action is established. The plaintiffs appeal from the judgment.

If we were right upon the former appeal there can be no doubt that the learned court at Special Term has properly disposed of this case. The plaintiffs urged, however, that we erred in suggesting a limitation upon the rule as laid down by the Court of Appeals in *Kerker* v. *Levy* (206 N. Y. 109), and that the present judgment should be reversed.

Assuming that the rule relied upon is operative to the full extent, it goes no further than to hold that a voluntary conveyance of property by one indebted at the time is presumptively fraudulent as against existing creditors, while neither the pleadings nor the evidence tend to show that any of the plaintiffs in this action were existing creditors at the time of

this transfer. The case is not brought within the rule by extending the pleadings to all " other creditors of Robert I. Baldwin, deceased, who shall come in and contribute to the expenses of this action," for the equitable principle involved reaches only to those who are similarly situated as the moving plaintiffs, and these make no claim that their debts existed at the time. Whatever might be the rights of creditors existing at the time of the transfer, as to these plaintiffs there was no presumption arising out of the fact that the transfer was for a nominal consideration. Those whom the decedent owed at the time of the alleged fraudulent conveyance are not before the court asking relief as to any debt shown to have been in existence at the time. It is true that it is alleged in the complaint that at the time of the death of the said Robert I. Baldwin he was indebted to the said George D. Norman & Son to the extent of one hundred and sixty-seven dollars and eighty-four cents, and there is evidence in the record that at the time of the transfer complained of Mr. Baldwin owed these same people sixty-six dollars and eighty cents, but it appears also that he had on hand at that time on deposit the sum of seventy-nine dollars and eighty cents, and it does not appear that the indebtedness existing at the time of the transfer had not been fully paid and discharged subsequent to that time. It appears that Mr. Baldwin had open accounts with George D. Norman & Son, and others; that these accounts, if they existed at the time of the transfer, were continued, and that payments were made thereon from time to time, and the presumption of law would be, of course, that these payments were applied to the earlier items of indebtedness. (*Nostrand* v. *Ditmis*, 127 N. Y. 355.) It must be clear, therefore, that the evidence discloses no person before the court who was a creditor as to his present demand at the time of the transfer. The rule cannot, therefore, apply to the case at bar.

The complaint proceeds, however, upon the theory that the transfer was fraudulently made to defeat the claims of future creditors, and it is not to be doubted that such an action would lie if the facts were proved. But no presumption of fraud arises from a merely voluntary transfer in favor of those who become creditors subsequent to that event; the fraud must

be proved. It must not only appear that the grantor made the transfer with the intent to defraud such subsequent creditors, but that it was received with like intent on the part of the grantee. (*Kerker* v. *Levy,* 140 App. Div. 428, 430; 206 N. Y. 109.) The evidence wholly fails to show that the personal defendant in this action had any knowledge of an intention on the part of Mr. Baldwin to divest himself of the title of this real estate with intent to defraud future creditors, and we think the case is equally barren of evidence which would justify a finding that Mr. Baldwin had such an intention. The transaction appears upon its face an entirely reasonable one for persons in their situation in life, and while it may be that as to then existing creditors the transfer would have raised a legal presumption of fraud, it certainly had no such result as to subsequent creditors, or as to debts created subsequently with those who may have been creditors as to other items at the time.

The judgment appealed from should be affirmed, with costs.

Order unanimously affirmed, with costs.