### BACON v. DOLLAR S. S. LINES, Limited.

(District Court, E. D. New York. June 25, 1923.)

1. **Payment ⊕=36—Application of payment after suit brought does not bind court.**

   Application by a party of a payment to an account after suit brought thereon does not bind the court.

2. **Payment ⊕=43—On running account without specific direction should be applied to first items.**

   A payment made on a running account, no part of which is secured, without direction as to its application, should be applied in payment of the earliest items of the account.

3. **Payment ⊕=46(1)—Where parts of indebtedness are differently secured, a payment generally should be applied on part least secured.**

   When the security for different items of indebtedness is not the same, a payment made generally should be applied on the part least secured, or the security for which is most precarious.

In Admiralty. Suit by Daniel Bacon against the Dollar Steamship Lines, Limited. Decree for libelant.

Bullowa & Bullowa, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondent.

CAMPBELL, District Judge. This is a suit in admiralty, brought to recover the sum of $6,375.59, balance alleged to be due as follows: Commissions, $385.94; advances on account of the discharge of the steamship Harold Dollar, $8,589.65—amounting in all to $8,975.59, less $2,600 paid on account.

The libelant was employed by the respondent during the early part of 1920 to represent it as agent at Havana, Cuba, and to be paid an agency fee and certain commissions, and to be repaid for advances made by him on account of the ships. Only three items were questioned, viz. advances alleged to have been made for coal, $6,226, and for wharfage on lighters, $140, and commissions of 2½ per cent., claimed on $6,025.68 disbursements, $150.64.

The proof offered of the delivery of the coal and paying therefor by the libelant was conclusive, and libelant is entitled to recover the same. The bill rendered for wharfage on lighters by the Munson Steamship Line is itemized to show the dates of such service as July 1, 2, 3, 5, 6, 7, and 8 of 1920, and, while the name "Harold Dollar" is written on said bill, it appears to have been written after the bill was made out, and this bill must be incorrect, because it appears by the testimony

that the Harold Dollar arrived at Havana, Cuba, on June 20, 1920, and left on June 25, 1920, and could not have been in that port at the time specified in said bill, and such advance could not have been made on account of said ship, and cannot be recovered in this suit.

The letter from Dollar Steamship Line to Daniel Bacon, dated September 14, 1920, submitted by libelant, is admitted in evidence and will be marked Libelant's Exhibit No. 13, and the duplicate original letter from Dollar Steamship Line, dated March 13, 1920, attached to respondent's brief, is substituted in place of the copy letter offered on the trial and marked Libelant's Exhibit No. 9.

The only remaining item as to which there is dispute is the claim of the libelant to 2½ per cent. commission on disbursements alleged to amount to $6,025.68. A careful reading of all the correspondence between libelant and respondent on this subject (which was admitted in evidence) convinces me that the respondent was never willing to pay a commission on disbursements, and so informed libelant, and that while libelant for some time during negotiations contended that it should be allowed such a commission, it finally accepted the respondent's terms, and that in the agreement on which the minds of the respective parties met there was no provision for the payment of such commission by the respondent to the libelant, and this cannot be varied by the letter subsequently written by the libelant. The said commission cannot be recovered in this suit.

The respondent also contends that the amount due libelant in this suit has been paid in full, and attempts to prove such payment by the introduction in evidence of a check for $25,000, dated September 14, 1920, payable to Daniel Bacon, and drawn on the Chase National Bank, New York, N. Y., by Dollar Steamship Line (Respondent's Exhibit No. 2). Attached to the check is a voucher purporting to show the account for which the check is given. The printed portion, identifying the particular account, reading "in full of bill of," followed by the words in typewriting:

"For the account sundry disbursements S. S. Harold Dollar, S. S. Bessie Dollar, S. S. Hwah Jah, at Cuba, to be covered by supporting vouchers later, $25,000."

There evidently was some doubt in the mind of libelant as to the effect of accepting this check, because at the head of the space where indorsements were to be placed these words appeared, "indorsement hereon by payee constitutes receipt in full for the within account," and this doubt was cleared by the respondent's letter to libelant, dated September 14, 1920 (which I have admitted in evidence as Libelant's Exhibit No. 13), showing that the payment by the check was to be applied on account, and was not to be construed as full payment for these accounts.

[1] Shortly before the trial the libelant applied $100 of this sum on account of the claim in the instant suit, the balance being applied on account of the claims made in two other actions, one with reference to claims made relating to the Bessie Dollar, and the other with reference to claims made relating to the Hwah Jah. The account between libelant and respondent as to these vessels was undoubtedly a running

account, and therefore the recitals in the voucher attached to the check, providing for its application on account of the only vessels owned or chartered by the respondent with which the libelant had any concern, cannot be held to be a direction to apply any specific portion thereof on account of either of such ships. The attempt of the libelant to apply these payments to the accounts, made after the commencement of this action, does not bind this court. U. S. v. Kirkpatrick, 22 U. S. (9 Wheat.) 720, at page 738, 6 L. Ed. 199.

[2] The account being a running account, and no specific application having been made as to any one of the three ships by respondent, the amount should be applied in payment of the earliest items of the account. Leef v. Goodwin et al., 15 Fed. Cas. 242, No. 8,207; U. S. v. Bradbury et al., 24 Fed. Cas. 1218, No. 14,635; In re Hawks (D. C.) 204 Fed. 309; Nostrand v. Ditmis, 127 N. Y. 355, 28 N. E. 27; Durland v. Crawford, 183 App. Div. 763, 171 N. Y. Supp. 135. To this rule of application of payment there is, however, an exception, and that relates to security.

[3] When the security is the same, the state and federal rule is to apply the payment first to the oldest obligation. When the security is not the same, the rule is to apply the payment first to the obligation least secured, or whose security is most precarious. In re Kemp (D. C.) 255 Fed. 125, at page 128, and cases cited.

In the instant suit, it appears that three separate actions are pending between libelant and respondent. In the instant suit and the suit against the steamship Bessie Dollar, both of which are suits in admiralty, stipulations for value have been given, and in the action to recover for claims with reference to the Hwah Jah, which is an action at law, an undertaking on an attachment has been given.

In determining the amount claimed, and therefore in fixing the amounts of the stipulations for value or the undertaking on attachment, the $25,000 has been applied $100 on the account of the Harold Dollar, $100 on the account of the Bessie Dollar, and $24,800 on the account of the Hwah Jah, and to now change that, and apply over $6,000 on account of the Harold Dollar, would at once increase the amount of libelant's claim in the action at law on the claim against the Hwah Jah, and he would thus lose part of his security, as the stipulation for value in the instant suit would be canceled, and the undertaking in the law action would presumptively be for a sum that would be $6,000 less than the amount of what would then be libelant's claim in that action.

I therefore feel that the exception to the rule of application last cited should be applied in this case, particularly as the respondent has received credit for the whole payment so made on some part of the running account. From the sum of $6,375.59, the amount of libelant's claim herein, should be deducted $140 claimed for wharfage on lighters, and $150.64 claimed for commission on $6,025.68 disbursement, amounting in all to $290.64, leaving due to libelant $6,084.95.

A decree may enter in favor of libelant for $6,084.95, with interest from September 14, 1920, and costs.