## GRAY v. HOPKINS-CARTER HARDWARE CO. et al.

### REESE v. SAME.

Circuit Court of Appeals, Fifth Circuit. May 31, 1929.

No. 5515.

H. H. Taylor and Geo. D. Ford, both of Miami, Fla., for appellant.

Lloyd C. Hooks, of Miami, Fla., for appellees Hopkins-Carter Hardware Co., Coconut Grove Bt. Wks., Biscayne Tent & Awn. Co., Phillips Hdw. Co., and Elco Works.

Warren S. Reese, of Miami, Fla., for cross-appellant.

J. C. Morcock, of Miami, Fla., for appellee and cross-appellee J. Frank Knorr.

Lloyd C. Hooks, of Miami, Fla., for other cross-appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a contest over the distribution of proceeds derived from the sale of the gas yacht Lois. The amount realized at the sale, $7,600, was not sufficient to pay in full liens asserted against the yacht. Libels were filed by Norman Sweeting, J. Frank Knorr, the Hopkins-Carter Hardware Company, Coconut Grove Boat Works, Biscayne Tent & Awning Company, and the Elco Works. The libel of Sweeting was partly for seaman's wages and partly for necessary supplies, and the libels of the others above named were for necessary supplies and material. The yacht was claimed by its owner, who secured its release from the various libels by giving bonds in accordance with the provisions of 28 USCA § 754, and Admiralty Rule 12, and filed answers denying the averments of the several libels. The aggregate of the amounts claimed by these libels, to secure payment of which bonds had been given, was approximately $5,400, of which about $3,500 was claimed by the Elco Works. While the issues thus raised remained undetermined, stipulations were entered into between the owner and the above-named libelants by which it was agreed that the bonds for the release of the yacht should be canceled and the sureties thereon discharged, and that such libelants should have final decrees for the amounts claimed by them. The surety in the Elco Works case had been required to strengthen his bond by a pledge of collateral security which it was provided should be released. The stipulations were all made subject to the approval of the court, and on the same day the court entered the final decrees that had been agreed upon.

It was under these decrees that the sale was made. At the time the stipulations for the release of the bonds and the sureties thereon were entered into, the yacht had been seized and was being held by the marshal under a libel filed by Eric Breding for seaman's wages, and continued to be so held up to the time of the sale, in accordance with a provision contained in each of the stipulations. Within a few days after the sale, Breding obtained a decree for $106.65, the amount of his claim, and Cyrus W. Gray and the Phillips Hardware Company, by petitions of intervention under admiralty rule 42, each claimed an interest in the proceeds in the registry of the court. Gray claimed under a mortgage on the yacht for $5,900 which he had acquired prior to its release on

the several bonds. He conceded that the claims of Breding, Knorr, the Hopkins-Carter Hardware Company, Coconut Grove Boat Works, and Biscayne Tent & Awning Company were all entitled to priority over his claim, and prayed that, after those libelants were paid in full, the balance of the fund in court be next applied to the satisfaction of his mortgage lien. Gray's petition made no reference to the Sweeting libel, but it attacked the libel of the Elco Works on the ground that the lien therein asserted against the yacht had been lost as a result of the release of the yacht on bond, and was not restored by virtue of the subsequent agreement with the owner and the consent decree. The Phillips Hardware Company's claim was for $271.75, and was based on material supplied to the yacht. The lien created thereby was first in point of time; it was acquired more than a year before the first libel was filed, about 18 months before the date of Gray's mortgage, and more than 2 years before the filing of this petition of intervention, which disclosed no excuse for the delay. The claims of Gray and the Phillips Hardware Company were sustained by undisputed evidence before the commissioner, to whom all pending claims were referred by order of court for a report as to the validity and priority or rank of the several liens asserted against the yacht.

The commissioner filed his report in obedience to this order. After he had done so, but before final decree, Warren S. Reese filed an intervening petition, by which he sought to establish a lien for a reasonable attorney's fee upon the fund in the registry of the court. Reese alleged that, as proctor for the owner, he filed answers to several of the libels and prepared bonds for release of the yacht. It appears from his petition that he had ceased to represent the owner before the compromise settlement was made which resulted in the withdrawal of the answers and the consent decree of sale; and it further appears from the record that he was proctor for Breding both before and after the decree of sale, and had notice of the proceedings before the commissioner.

A final decree of distribution was entered upon the report of the commissioner. By that decree it was ordered: First, that the claims of Breding and Sweeting be paid in full; second, that there should be paid, in full if the balance was sufficient, or pro rata if it was not, the claims of Knorr, the Hopkins-Carter Hardware Company, Coconut Grove Boat Works, Biscayne Tent & Awning Company, the Elco Works, and the Phillips Hardware Company; and third, that, if there was any balance left over, it should be paid to Gray on account of his claim. Reese's petition was dismissed.

The case comes here on an appeal by Gray and a cross-appeal by Reese. The allowance to Breding for seaman's wages is not questioned, and as to him the decree was manifestly correct.

■ Gray faintly suggests error in the priority given by the decree to Hopkins-Carter Hardware Company, Coconut Grove Boat Works, and the Biscayne Tent & Awning Company, but, in our opinion, he has estopped himself to assume that position by expressly conceding in his petition the priority of their liens over his claim. The two remaining libelants are Sweeting and the Elco Works, and Gray has not estopped himself or waived his right to insist that his claim is entitled to priority of payment over the liens asserted by them.

■ We are of opinion that Sweeting and the Elco Works lost their liens on the yacht upon the giving and approval of the statutory bonds authorized by 28 USCA § 754. It is a general rule that such a bond is a substitute for the vessel, and the vessel is thereafter discharged and freed from the liens involved in the suit. The Palmyra, 12 Wheat. 1, 6 L. Ed. 531; United States v. Ames, 99 U. S. 35, 25 L. Ed. 295; The Haytian Republic, 154 U. S. 118, 14 S. Ct. 992, 38 L. Ed. 930; 1 R. C. L. 430.

■ Upon the release of the yacht on bond, Gray's mortgage was no longer subject to the liens of Sweeting and the Elco Works, and could not be displaced without his consent by an agreement between the owner and the libelants. It does not follow that the sale under the consent decree was void. In our opinion, the agreement to surrender the bonds was binding upon the owner to the extent of his interest in the yacht. It results from this view that Gray's lien is entitled to priority over the liens of Sweeting and the Elco Works.

■ The lien of the Phillips Hardware Company was barred by the state statute of limitations, Florida Revised General Statutes (1920) § 3530; and this would be sufficient under the decision of the Circuit Court of Appeals for the Second Circuit in Nolte v. Hudson Navigation Co., 297 F. 758, to render it unenforceable in a suit in admiralty. We do not find it is necessary either to follow or to reject that decision, as we think that the long delay, when considered in connection with the creation of intervening innocent liens, was such as to constitute laches

under the settled admiralty law. The Key City, 14 Wall. 653, 20 L. Ed. 896. The hardware company made no effort to enforce its lien for more than 2 years after it had accrued. There is more involved than the mere lapse of time; for in the meanwhile other liens had accrued and were being enforced by libels, and Gray's mortgage was accepted under circumstances that would not reasonably lead to the belief that a lien as old as this one existed.

Gray, as the holder of a nonmaritime lien, had an interest in the proceeds of sale that remained after the payment of valid existing maritime liens, and therefore was entitled to raise the defense of laches. The ruling in the Cora P. White (D. C.) 243 F. 246, is not to the contrary. In that case a creditor who was held to have no lien upon the vessel was denied the right to interpose the defense of laches on the ground that the fund in court was insufficient to discharge uncontested maritime liens. It follows that in our opinion the claim of the Phillips Hardware Company was barred by laches, and it was error to allow it.

The claimant Reese, if it be conceded for the moment that he ever had a maritime lien, lost it by failure to present and prove it up before the commissioner. Reese, as proctor, first for the owner and later for one of the libelants, was thoroughly familiar with the proceedings, and had no excuse to postpone the presentation of his claim until after testimony had been taken by the commissioner upon disputed questions. Moreover, his claim for a fee as proctor for the owner did not constitute a lien on the yacht or give him the right to share in the proceeds of sale. An attorney has a general or retaining lien on papers, documents, securities, or money coming into his possession in the course of his employment, but he has no lien on property involved in the litigation in which he acts as attorney for a party defendant. 2 R. C. L. 1063, 1073. After the payment of Gray's claim, Sweeting and the Elco Works are entitled to share in the residue of the fund. As between these two libelants, Sweeting has priority for that part of his lien which was allowed as seaman's wages, and then the two have liens of equal dignity upon any surplus which may still remain undistributed in proportion to the amounts of their respective liens for supplies.

Reese takes nothing by his cross-appeal. The decree is reversed on Gray's appeal, and the cause remanded for further proceedings not inconsistent with this opinion.