## THE OWYHEE.

No. 419.

Circuit Court of Appeals, Second Circuit.

July 17, 1933.

Single & Hill, of New York City (Gregory S. Rivkins and Christopher E. Heckman, both of New York City, of counsel), for appellant.

John T. Little, of New York City (Edmund F. Lamb, of New York City, of counsel), for intervener-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

W. K. Silkworth, who was the owner of the yacht Owyhee, then named the Charming Polly, on February 28, 1929, entered into a written contract with the appellant for the rebuilding of the yacht. There was a provision for arbitration in the event of a disagreement. The work, including certain extras, was completed in August, 1929, at Greenport, and the yacht delivered to Mr. Silkworth. The parties did disagree, and did resort to arbitration, with the result that an award was made in favor of the libelant on May 28, 1930. After repeated attempts to collect the amount of the award from Silkworth, the libelant filed this libel in personam against him and in rem against the yacht to recover the amount due.

Earle W. Hammons, holder of a duly recorded mortgage on the yacht, intervened. This mortgage was given to secure advances made by Hammons to pay for the repairs as the work was being done. The appellant was informed that Silkworth was to borrow money to pay for the work on the boat and to give Hammons a mortgage to secure the advances as appears from a letter written in its behalf to Hammons on February 18, 1929, containing the following:

"The fifteen thousand ($15,000) dollars you are advancing is to our knowledge a mortgage that you are taking on the yacht "Charming Polly." This letter is an acknowledgment that we are familiar with your agreement with Mr. Silkworth and for your protection. A chattel mortgage on the boat shall be forwarded to you on completion of the boat."

All defenses pleaded to the libel we understand to have been abandoned except that of laches. The District Court's decree ran against Silkworth in personam for the balance found due the libelant and dismissed the libel in rem against the yacht because the action was not brought until stale in view of the period of limitations of the New York statute.

This statute, section 83 of the Lien Law of New York, chapter 38, Laws of 1909 (Consol. Laws, c. 33), limited the time for the enforcement of a lien for a debt to twelve months after the debt was contracted on a vessel navigating where this vessel did. There was an exception in the law relating to a vessel absent at the expiration of the time limited from the port where the debt was contracted which extended the limitation for thirty days after the return of the vessel to that port. The District Court found the proof insufficient to bring the exception into play, and, though the issue is a close one, especially since the answer of Silkworth alleged that the yacht remained in New York Harbor all the time after the repairs were made, we do not feel justified in substituting our judgment on this question of fact for that of the trial judge who heard the witnesses. Those who testified in behalf of the appellant's contention that the yacht was not in Greenport after 1929 could do no more than say that they had not seen her there. Though one of them kept a record of boats entering and leaving the harbor by one entrance, there was another entrance through which the yacht may have come and gone. Though both would probably have seen the boat, if it had been there, their evidence may well have been believed, and yet the trial judge have been convinced that Mr. Silkworth was right when he testified positively that the boat was in Greenport twice in July, 1930. Yet, whatever the fact may be, it must be remembered that the state statute does not bar this action. The lien the appellant is here seeking to enforce arose under section 30, subsec. P, of the Merchant Marine Act, 1920 (46 USCA § 971). It has no period of limitation. The state statute is but a guide for determining the effect which ought to be given a failure to make a timely assertion of rights. No third parties have been placed at any disadvantage by the delay, and, since the peculiar equitable circumstances of each case control, The Key City, 81 U. S. (14 Wall.) 653, 20 L. Ed. 896, it is argued that we are called upon to decide only whether the time the appellant permitted to elapse makes it just to say that its lien has been lost. In Nolte v. Hudson Nav. Co. (C. C. A.) 297 F. 758, however, it was held that the twelve-month period of the New York statute was a rule of law

existing in regard to laches in the enforcement of liens on vessels when the Merchant Marine Act took effect and was unaffected by that act (section 30, subsec. S [46 USCA § 974]). This decision was followed in The Portchester (C. C. A.) 56 F.(2d) 579. The language used appears to have been somewhat too broad. The New York statute was an existing rule of law in that jurisdiction in regard to limitation and only by analogy applicable to laches when the Merchant Marine Act was enacted. The rules of law in regard to laches in the enforcement of liens on vessels which that act left unaffected are the general rules relating to laches in admiralty set forth in The Key City, supra. See The Gertrude (C. C. A.) 38 F.(2d) 946. The New York statute furnishes a comparative test for giving effect to time elapsed beyond it, and marks the boundary between the period when liens may be enforced regardless of the time when the action is brought and the period where some explanation of the delay is required. As time runs on beyond the statutory period, excuses must be good enough to justify the delay, be it long or short.

This appellant has no excuse, other than its efforts to induce Silkworth to pay the debt, for such a delay in taking action to enforce its lien. Its attempt to collect from Silkworth was obviously an alternative and was independent of its rights as a lienor. It was no justification for the delay. Accordingly the decree dismissing the libel in rem was correct.

Affirmed.